THE BOARD OF EDUCATION OF THE CITY OF NICKERSON and of THE STATE OF KANSAS (Reno and Rice Counties, Kansas, Joint School District No. 24), *Appellee,* v. W. O. GUM, EARL GUM and ROY C. GUM, *Appellants.*

No. 39,898

W. O. GUM, EARL GUM and FRED ASCHMAN, *Appellants* v. THE BOARD OF EDUCATION OF THE CITY OF NICKERSON and of THE STATE OF KANSAS (Reno and Rice Counties, Kansas, Joint School District No. 24), *Appellee.*

(285 P. 2d 780)

Opinion filed July 6, 1955.

*F. Duane Roberts,* of Hutchinson, argued the cause, and *Everett L. Baker,* of Lyons, and *James H. Rexroad,* of Hutchinson, were with him on the briefs for the appellants.

*Arthur H. Snyder,* of Hutchinson, argued the cause, and *Donald M. Bailey,* of Hutchinson, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: These consolidated appeals arise out of a condemnation proceeding by the Board of Education of the city of Nickerson to acquire land upon which to locate a proposed new school building. The appeals are by landowners affected.

Case No. 39,897 will be referred to as the condemnation proceeding, and case No. 39,898 will be referred to as the injunction action.

On January 7, 1955, the Board of Education filed a petition for condemnation of two city blocks of residential property, part of which was owned by W. O., Earl and Roy C. Gum, for a site upon which to locate a proposed new school building. On the same date an order was entered finding that petitioner possessed the power of eminent domain, that the land in question was necessary for its lawful corporate purpose, and three disinterested householders were appointed to view and appraise the property.

On February 4, 1955, the Gums filed an answer to the condemnation petition which denied that condemnation of the land in question was necessary for the Board's lawful corporate purpose, and alleged as an affirmative defense that the Board was acting capriciously and in bad faith, and was grossly abusing its discretionary powers.

In the meantime, and on January 25, 1955, W. O. and Earl Gum and one Aschman filed an action against the Board seeking an injunction to halt the condemnation proceeding and to declare invalid a bond election held in October, 1954, and to prevent the issuance, sale, registration and delivery of the bonds voted at that election.

On February 21 and 22, 1955, the issues raised by the pleadings in the condemnation proceeding were tried by the court, at which hearing evidence was presented by both sides. At the conclusion thereof the court rendered judgment in favor of the Board.

In the injunction action it was stipulated by the parties that the court was to consider the evidence introduced in the condemnation proceeding, and this was done. At the conclusion of the hearing in the injunction action the court likewise rendered judgment in favor of the Board, and landowners Gum have appealed in the condemnation proceeding, and plaintiffs have appealed in the injunction action. Inasmuch as both appeals concern the same facts and questions they will be considered as one.

At the outset we are confronted with the question concerning procedure followed in the condemnation proceeding. The court permitted the landowners affected to file an answer and to introduce evidence in the nature of an attempt to obtain injunctive relief. In other words, the court, in that proceeding, permitted the landowners to litigate the validity of the condemnation and the right to appropriate their property. At the time these proceedings were

had the trial court did not have the benefit of our recent decision in *State v. Boicourt Hunting Ass'n*, 177 Kan. 637, 282 P. 2d 395, the opinion in which was not filed until April of this year. Under the rule announced in that case it was error for the court to follow the procedure that it did in the condemnation proceeding. However, as a practical matter, the court cured its own error when it ultimately ruled in favor of the Board on the merits of the case.

In this court the burden of appellants' argument is that the court erred in allowing the Board to condemn a greater quantity of land than was necessary; in holding that the Board did not act capriciously and in bad faith; in not holding the bond election invalid, and in not estopping the Board from placing the new building anywhere except upon the old school site.

Considerable evidence was introduced by all parties to these actions. To discuss it in detail would add nothing to this opinion and would serve no good purpose. We have read and considered the record presented. Both in the condemnation proceeding and in the injunction action the trial court filed a memorandum decision in which it analyzed the evidence and questions presented. On all issues it found in favor of the Board, and its findings are amply supported by the evidence. Indeed, as we read the record, it would appear that the entire controversy arose merely because of the fact the landowners affected did not want their property to be appropriated. It is unnecessary to discuss the activities on the part of local interests and organizations who were active in the campaign for a new school building. The court's specific finding to the effect there was no fraud or misrepresentation on the part of the Board is borne out by the evidence, and, with respect to the selection of a new school site, it was held in *State, ex rel., v. Board of Education of the City of Beloit*, 177 Kan. 540, 280 P. 2d 929, that a board of education in a city of the second class is vested with the power of discretion to select a site for a school building, and that in the absence of fraud or such misconduct as would justify the intervention by a court of equity the action of a board of education in selecting a site for a school building will not be reviewed by the courts.

All contentions advanced by appellants have been considered but are found to be without merit. An examination of the record discloses that the trial court made every effort possible to give all parties concerned their day in court. No error being shown, the judgment in each case is affirmed.