No. 42,249

Budimir Jocich, *Appellee,* v. Greyhound Cab Co., Inc., d/b/a Victory Cab Co., and Roy D. Cooper, *Appellants,* and Donald Ray Gribbin, *Defendant.*

(362 P. 2d 27)

Opinion filed May 13, 1961.

*A. J. Herrod,* of Kansas City, argued the cause, and *John C. Russell,* of Kansas City, Missouri, was with him on the briefs for the appellants.

*Wm. E. Scott,* of Kansas City, argued the cause, and *Francis J. Donnelly,* also of Kansas City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is a damage action for personal injuries sustained by the plaintiff who was a passenger in a taxicab involved in an intersection collision. From a verdict and judgment for the plaintiff in the sum of $6,000, an appeal has been perfected specifying numerous trial errors.

The plaintiff (appellee) was a passenger in the front seat of a taxicab operated by the Greyhound Cab Co., Inc., (defendant-appellant) and driven by Roy D. Cooper (defendant-appellant). Following a collision of the taxicab with an automobile driven by the defendant, Donald Ray Gribbin, at an intersection of Chrysler and Funston Roads on December 2, 1957, the plaintiff was removed to a hospital. He was off work for six weeks and under the treatment of a physician from the time of his injury to September 15, 1959.

A stop sign controlled traffic entering the intersection on Funston Road. The cab was traveling east at the intersection on Funston Road. There was no stop sign to control traffic on Chrysler Road at the intersection in question. Gribbin was traveling south on Chrysler Road approaching the intersection from the north.

The collision occurred in the southbound lane of Chrysler Road and carried both vehicles over the center line of Chrysler Road, the record indicating that the cab darted into the path of the Gribbin

vehicle, thus raising the question of emergency and creating an immediate hazard when the cab entered the intersection.

The case was first tried to a jury in October, 1959, and resulted in a verdict for the plaintiff in the sum of $10,589. The trial court granted both parties a new trial, as a result of which a verdict in the sum of $6,000 was returned against the appellants only, absolving Gribbin of any liability.

In view of the contentions of counsel for the parties, and because of the confusing nature of the record presented by the abstract, it has been necessary to resort to the files of the trial court and the transcript of the record. The transcript discloses the omission of the testimony of two witnesses, one being a physician. Therefore, questions relating to the sufficiency of the evidence cannot be reviewed.

After careful examination of the record as reflected by the files, the transcript, and the abstract, the court has concluded that to narrate in more detail the factual situation presented by the evidence, and systematically answer the various contentions of the appellants, would serve no useful purpose to either the bench and bar or to the parties. All contentions have been noted and considered, but, as applied to the record, are held to be without merit.

On appellate review error in the court below is never presumed. The burden is cast upon the appellant to affirmatively establish that error has been committed. (See, Hatcher's Kansas Digest, Revised Edition, Appeal and Error, § 408.)

We find nothing in the record before us which makes it appear the trial court erred.

The judgment of the lower court is affirmed.