No. 42,420

In re Estate of Judith Rae Berridge, Deceased. (JOHN W. DAMON, [Claimant] *Appellee,* v. LOREDA RELIHAN, *Appellant.*)

(368 P. 2d 49)

Opinion filed January 20, 1962.

*William B. Ryan,* of Norton, argued the cause, and *William J. Ryan,* of Norton, was with him on the briefs for the appellant.

*William H. Stowell,* of Phillipsburg, argued the cause, and *Doris Dixon Stowell,* of Phillipsburg, was with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: Defendant, decedent's mother and one of her heirs at law, appeals from the judgment of the trial court remanding an

appeal to that court back to the probate court with directions to appoint an administrator for decedent's estate.

On March 28, 1959, John W. Damon, appellee here, filed in the probate court of Smith county a petition of creditor for administration of decedent's estate wherein it was shown a collision occurred on May 9, 1958, between a vehicle driven by Damon and one driven by decedent; that decedent's negligence was the direct and proximate cause of the collision; and that decedent died intestate on May 9, 1958.

Defendant filed her written defenses and a petition requesting plaintiff to file a cost deposit or bond. Reference is also made to the filing of certain other petitions, journal entries of judgment of both the probate and district courts, and notice of appeal, as well as to statements of what took place in certain hearings and the files of other proceedings. Included are references to hearings, no part of which have been abstracted, and exhibits that have not been reproduced in either the abstract or counter abstract. Further, the record fails to show what findings, if any, were made by the trial court upon which it based any of the orders made. Dispute even exists between the abstract and counter abstract in regard to what the record shows. Hence, the record is not complete in this court and on appellate review we are unable to determine therefrom that any of the substantial rights of Loreda Relihan, defendant below, and the appellant here, were prejudicially affected. Since we are committed to the rules that the burden is upon the appellant to make it affirmatively appear her substantial rights were prejudiced by the order of the trial court, and on appellate review error in the trial court is never presumed and the burden is upon the appellant to affirmatively establish that error was committed (G. S. 1949, 60-3317; Hatcher's Kansas Digest, rev. ed., Appeal & Error, § 408; West's Kansas Digest, Appeal & Error, § 901; *Dirks v. Gates,* 182 Kan. 581, 592, 322 P. 2d 750; *Minear v. Engel,* 184 Kan. 383, 387, 337 P. 2d 693; *In re Thornton,* 184 Kan. 551, 559, 337 P. 2d 1027; *Jocich v. Greyhound Cab Co.,* 188 Kan. 268, 362 P. 2d 27; *Robles v. Central Surety & Insurance Corporation,* 188 Kan. 506, 511, 512, 363 P. 2d 427) we have no other alternative than to affirm the judgment of the lower court. So ordered.