No. 46,082

THE URBAN RENEWAL AGENCY OF KANSAS CITY, KANSAS, and THE CITY OF KANSAS CITY, KANSAS, *Appellees*, v. VINCENT V. LANE, *Appellee*, and NAEGELE OUTDOOR ADVERTISING CO., *Appellant*.

(491 P. 2d 886)

Opinion filed December 11, 1971.

*James L. Baska*, of Kansas City, argued the cause, and *Clarence H. Wood*, of Kansas City, was with him on the briefs for the appellant.

*Edward H. Powers*, of Kansas City, argued the cause and was on the brief for appellee Vincent V. Lane.

*Donald E. Martin*, of Kansas City, was on the brief for appellee Urban Renewal Agency of the city of Kansas City.

The opinion of the court was delivered by

HARMAN, C.: This action arises as an aftermath to a proceeding in eminent domain wherein appellant's application to share in the

appraisers' award for the property taken was denied by the trial court.

On July 23, 1969, the Urban Renewal Agency of Kansas City, Kansas, and the city of Kansas City, Kansas, filed in the trial court their petition in eminent domain wherein they sought to take a tract of realty for use in their Center City Urban Renewal Project. The property was described as three adjoining lots, with accreting strips, in the downtown business area of Kansas City. In the petition appellee Vincent V. Lane was named as owner of the tract; a bank, the board of county commissioners of Wyandotte county and the board of city commissioners were listed as lienholders, and seventeen other individuals, businesses or companies were listed as "Parties in Possession." The second party named in this latter group was appellant Naegele Outdoor Advertising Company. Appraisers were appointed to view the property and determine the damages resulting from the taking, and all interested parties, including appellant, were duly notified of the proceeding and of the appraisers' hearing. Thereafter appellant appeared at the hearing and presented its claim. The record does not reveal the exact nature or extent of that claim to an interest in the property taken but we are told that appellant, pursuant to lease with the realty owner, had an outdoor advertising sign or billboard erected on a commercial building on the tract.

The appraisers filed their report September 12, 1969. This report followed typographically the form of the petition, listing the property taken by its legal description, then the names of the owner, the lienholders and the parties in possession. This latter group of names again included that of appellant. Following the names the report concluded thus:

"Fair market value of land and improvements: ........... $253,000.00

"Note: All permanent improvements within the taking area are considered to be real property with the exception of the Naegele Outdoor Advertising Company sign and other tenants' signs, which were considered personal property."

On September 12, 1969, a judge of the trial court approved the appraisers' report and on the same day a copy of it was mailed to all parties including appellant. On September 23, 1969, another judge of the trial court entered a written order of distribution as to proceeds of the award made for the tract. The order first contained the recital that "the defendants Vincent V. Lane, *et al*,

apply to withdraw the award made herein to them." The order then contained findings with respect to the amounts due upon a mortgage and for taxes, and concluded as follows:

"IT IS THEREFORE BY THE COURT ORDERED that the Clerk of the District Court of Wyandotte County, Kansas pay out the amount of the award of the above described property as follows:

"To Wyandotte County Treasurer for taxes .............. $12,761.40
"To the Treasurer of the City of Kansas City, Kansas
    for special assessments ............................ 8,299.85
"To Exchange State Bank of Kansas City, Kansas .......... 115,631.40
"To Vincent V. Lane, *et al* ........................... 116,307.35"

The following day, September 24, 1969, the same judge modified the mandate portion of the order by manually striking with pen the phrase "et al." following the name of appellee Lane. The judge dated and initialed this deletion. Appellant had no notice of any application for an order of distribution of the award or of any hearing thereon.

No appeal from the appraisers' award was taken by anyone.

The next step in this proceeding came on December 15, 1969, with the filing in the trial court by appellant of an application entitled "Motion For Order For Recovery of Erroneous Payment and For Modification of Order of Distribution." In this motion appellant recited the facts as generally outlined heretofore, stating that the appraisers, as directed by the court, did not separately appraise its interest in the property taken, and further:

"6. That this defendant was not notified of any application to withdraw the award and was not notified of the time and place of any hearing on any application to withdraw said award; that this defendant owned an interest in the property taken and in the award made, and was entitled to notice and opportunity to be heard upon any application for an order of distribution.

"WHEREFORE, defendant Naegele Outdoor Advertising Company prays for an order of the court directed to defendant Vincent V. Lane ordering said defendant to repay to the clerk of the above entitled court the sum of $116,307.35, and for an order modifying the order of distribution heretofore entered and ordering payment to this defendant of the amount it is entitled to receive from the amount awarded by the appraisers."

On January 23, 1970, the trial court overruled appellant's motion, the rationale being that a motion for distribution of an appraisers' award pursuant to what is now K. S. A. 1970 Supp. 26-517, must be filed within the thirty day time limit prescribed in what is now K. S. A. 1970 Supp. 26-508 for appealing from an award of the appraisers, and appellant's motion was not therefore timely filed.

On February 20, 1970,' appellant filed its notice of appeal to this court, challenging the January 23, 1970, order. Although appellant has directed its notice of appeal to both of the condemning authorities as well as all others listed in the initial proceeding as parties in possession it has disclaimed the pursuit of any judgment or form of relief against them and has directed its claim for a share of the award solely against appellee Lane.

As presented, the appeal has both procedural and substantive aspects. Appellees first assert no appeal lies from the action of the trial court for the reason that until such time as an appeal is taken from the appraisers' award the proceeding is not a judicial one but remains merely an inquisitive statutory proceeding. Appellees cite cases generally announcing this rule; however, we think those cases applying it present a context distinguishable from that at bar. For example, in *Urban Renewal Agency v. Decker,* 197 Kan. 157, 415 P. 2d 373, upon which appellees principally rely, the condemnors filed their petition in eminent domain in the district court. In that same proceeding certain property owners objected to the taking of their land on the premise it was not necessary to the lawful purposes of the condemnors. The district judge, over the petitioners' objection, heard testimony concerning the necessity for the taking and petitioners' authority to take the particular tracts. The judge approved the petition as to the entire project except for three lots owned by the objecting landowners, which were specifically ordered deleted from the project. Upon the condemning authorities' appeal this court reversed that part of the judgment, holding:

"A condemnation proceeding instituted under the 1963 Eminent Domain Procedure Act (K. S. A. 26-501, *et seq.*) remains a special statutory proceeding. Prior to the taking of an appeal from the award of the commissioners, it is not judicial in nature. Such a proceeding does not provide a forum for litigation of the right to exercise eminent domain nor determine the extent of said right." (Syl. ¶ 1.)

Appellant here framed its application for relief pursuant to the then newly enacted terms of Section 3, Chapter 196, Laws, 1969, now K. S. A. 1970 Supp. 26-517, which provides:

"In any action involving the condemnation of real property in which there is a dispute among the parties in interest as to the division of the amount of the appraisers' award or the amount of the final judgment, the district court shall, upon motion by any such party in interest, determine the final distribution of the amount of the appraisers' award or the amount of the final judgment."

This 1969 enactment plainly authorized the district court to act as a forum for the resolution of disputes among the parties in interest as to the *division* of the amount of an award, either as made by the appraisers or upon final judgment after appeal. The determination of such disputes is judicial work, adversary in nature, as contrasted with the usual type of inquest or inquisition where the inquiry is largely or wholly in a nonadversary setting. We think the rule announced in *Decker* and like cases inapplicable to a proceeding authorized by 26-517 of our eminent domain procedure act. Accordingly, we hold that the function placed upon a district court in determining final distribution of the appraisers' award in an eminent domain proceeding is judicial in nature so that an appeal lies to this court from the action taken.

Appellees also point out the appeal actually taken by reason of the February 20, 1970, notice was only from the January 23, 1970, order denying relief under appellant's motion and that there was no timely appeal taken either from the appraisers' award or from the September 23 or 24, 1969, order of distribution, and they contend appellant is therefore barred from review here. We treat the latter aspect first. Our eminent domain procedure act provides in pertinent part:

"Appeals to the supreme court may be taken from any final order under the provisions of this act." (K. S. A. 26-504.)

The January 23, 1970, order was a final order denying relief after appellant's plight had been called to the trial court's attention and was specifically appealable under the foregoing statute and appeal from it was timely perfected. K. S. A. 60-2103 (*i*), also relating to appeals to this court, provides:

"*Intermediate rulings.* When an appeal or cross-appeal has been timely perfected the fact that some ruling of which the appealing or cross-appealing party complains was made more than thirty (30) days before filing of the notice of appeal shall not prevent a review of the ruling."

Hence we see no impediment to full review of all matters at issue either for want of timely filing of notice of appeal or specification of the order appealed from.

We turn now to the principal issue presented upon the appeal. Appellant relies upon the provisions of 26-517 for its request for relief and contends first that no time limitation is prescribed therein and therefore the only limitation which should be read into the statute is that of reasonableness. It points out that 26-508, which

does  contain a thirty day limit for action, relates only to an appeal from the award allowed by the appraisers based upon dissatisfaction by any party (including the condemnor) with the amount of the award, while 26-517 relates to determination of disputes between co-owners as to distribution or division of the amount of award.  Appellant further points out the appraisers are not required to make separate awards to owners having separate interests in property being condemned and that they did not do so here but rather awarded damages in a lump sum for everything taken.  Appellant asserts it should have had a reasonable time in which to act under 26-517 after it had notice of a dispute as to distribution.

Appellees counter with the assertion appellant had all the notice appellees had and should have moved out within thirty days by way of appeal under 26-508 if it was dissatisfied in any way with the award.  Appellees further contend appellant was made fully aware by the note appended to the appraisers' award that it had nothing coming in the proceeding and its only remedy was by way of appeal from the award.  Parenthetically, we assume this may well have been the theory upon which the district judge on September 24, 1969, deleted on the distribution order the abbreviated designation for the names of the other parties listed in the proceedings as being in possession of the property.

We agree with appellant's contentions.  It must be kept in mind appellant's fuss is with appellee Lane, not with the condemnors, and its failure to appeal from the appraisers' award evinces no more than satisfaction with the total amount of damages awarded.  The appraisers' report did state appellant's sign was treated as personal property for which nothing was allowed.  Appellant evidently was allowed to and did remove the physical property comprising the sign and it is out of the picture.  Personal property, in and of itself, of course, is not subject to condemnation.  But appellant here claims a leasehold interest in the property taken, beyond the physical billboard.  Nothing in the award purported to, or did, tell appellant that damage for that interest was disallowed or that it was excluded from sharing in the award.  In *Phillips Petroleum Co. v. Bradley*, 205 Kan. 242, 468 P. 2d 95, we held that a tenant for years under a written lease is an owner of property within the meaning of that term as used in our condemnation statutes and is entitled to compensation if his leasehold estate is damaged by the exercise of eminent domain and that where there has been a total taking of leased

premises by eminent domain, the lessee's right to share in the award becomes vested at the time of the taking, absent an agreement in the lease to the contrary. There we also recognized that where leased property is taken by eminent domain, it is ordinarily valued as though held in a single ownership rather than by separately valuing the interests of the lessor and lessee according to their respective interests, the condemnor having no interest in the latter proceeding.

The provisions of 26-508 and 26-517 relate to different forms of relief and we are unable to read into the latter the thirty day time limitation prescribed in the former. Another section, K. S. A. 26-510, permits the defendants upon order of the judge, and without prejudice to the right of appeal, to withdraw the amount paid to the court clerk as their interests are determined by the appraisers' report, in which section no time limit is prescribed. As a general proposition, where no express provision for notice is made in a statute under which substantial rights may be determined, if there be nothing in the statute which prevents notice from being given, the requirement of reasonable notice will be implied (see *Rydd v. State Board of Health*, 202 Kan. 721, 451 P. 2d 239). Appellant here had no notice of any dispute as to its right to participate in the award at the time the distribution orders were entered on September 23 and 24, 1969, and it had no notice of those hearings as it was entitled to have before its rights were summarily foreclosed.

We hold that a party named as a party in interest in the appraisers' award in an eminent domain proceeding has a reasonable time, after it has notice of dispute as to division of the award, within which to apply for an order of distribution under 26-517 and is entitled to reasonable notice before being foreclosed by an order of distribution from participation in the award. Appellant here had no such notice and it made timely application for relief.

The judgment must be reversed and remanded for further proceedings in the trial court for determination of the dispute between appellant and appellee Lane as to their respective interests in the property taken and the division, if any, of the amount of the appraisers' award. However, we see no reason for ordering return by appellee Lane to the clerk of the district court of any specific sum of money as though it were the *res* of the action as requested by appellant in its motion. The action may now proceed as an ordinary one for money judgment between the parties, to be de-

cided by the trial court as may be just and proper upon further disclosure of the relevant facts.

The judgment is reversed for further proceedings in harmony with the views expressed herein.

APPROVED BY THE COURT.

O'CONNOR and PRAGER, JJ., not participating.