No. 55,964

In The Matter of The Condemnation of Land for State Highway Purposes

John B. Kemp, Secretary of Transportation of The State of Kansas, *Plaintiff-Appellee*, v. Andrew M. Larson and Jean M. Larson, *Defendants-Appellants*.

(683 P.2d 1247)

Opinion filed June 8, 1984.

*Michael A. Preston*, of McDonald, Dykes, Christlieb & Shields, of Overland Park, argued the cause, and *L. D. McDonald, Jr.*, of the same firm, was with him on the briefs for appellants.

*Susan Ellmaker*, of Gates & Clyde, Chartered, of Overland Park, argued the cause, and *Lawrence C. Gates*, of the same firm, was with her on the brief for appellee.

*Per Curiam:* This is an appeal by the defendants, Andrew M. Larson and Jean M. Larson, from an order of the Finney District Court overruling six motions filed by the appellants in an original condemnation proceeding commenced by the Secretary of Transportation. Since we dispose of this case on jurisdictional grounds, a statement of the procedural background is necessary.

John B. Kemp, Secretary of Transportation of the State of Kansas, commenced this action by filing a petition for eminent domain in the District Court of Finney County on January 20, 1983. He sought both permanent and temporary easements for highway construction, controlled access, and removal of borrow material variously from some thirty-two different tracts of real estate. The Larsons own two of the tracts, described in the petition as tract Nos. 3 and 5. The proceeding was commenced under the provisions of the Eminent Domain Procedure Act, K.S.A. 26-501 *et. seq.*

The trial judge fixed March 29, 1983, at 2:00 o'clock p.m. as the date for hearing on the petition. All of the following dates were during the calendar year 1983. Notice was given by publication and mailing, and a hearing was held on March 29. The Larsons were present in person and by counsel, and testified at that hearing. The trial court made findings that plaintiff had the power of eminent domain and that the takings as set forth in the petition were necessary to the lawful purposes of the plaintiff. The court then entered an order appointing three disinterested householders of Finney County to view and appraise the lands and to determine the damages to the interested parties resulting from the taking. The appraisers were directed to file a report on April 18; that deadline was later extended to May 27. The trial court instructed the appraisers. Thereafter, they gave notice by publication and mailing, viewed the condemned property, and held a public hearing on May 16, at which the Larsons appeared with counsel and presented evidence. At the close of the hearing, counsel for the Larsons told the appraisers that he intended to file several motions with the court, and he asked that the appraisers give him the opportunity to secure rulings on the motions before they filed their report.

On May 3, Andrew Larson filed a motion asking the court to withhold its approval of the appraisers' report until such time as:

"Condemnor demonstrates it has followed and complied with the provisions of the Uniform Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C.A. § 4601 et seq. and the provisions of K.S.A. 58-3501 et seq., and until the Condemnor demonstrates the taking of this landowner's property is reasonable and necessary."

No extension of time for the filing of the appraisers' report was requested. The report of the appraisers, fixing the total compen-

sation and measure of damages for tract No. 3 at $150, and for tract No. 5 at $75,508, was filed on May 25. On May 31, Andrew Larson filed five motions: (1) for an order requiring the Secretary to produce a full set of construction plans, (2) requiring the condemnor to incorporate a set of plans in its petition, (3) granting the landowner a second appearance before the appraisers, (4) requiring the condemnor to include in the condemnation of the Larson property the 160 acres which are contiguous to and owned and operated as a single farm unit by the landowner, and (5) for an order disqualifying one of the appraisers, Mr. Bahr, for the reason that after approximately ten to fifteen minutes of counsel's presentation, Mr. Bahr asked what figures the landowner was requesting as damages, and characterized counsel's earlier presentation as "shuck and jive."

On June 2, the trial court found that the appraisers had filed their report with the clerk of the court, and that all proceedings necessary to be done by them had been completed. The court proceeded to fix fees for the appraisers and the guardian ad litem, and assessed those fees and accrued court costs against the Secretary. The Secretary paid the amount of the awards, fees and costs to the clerk of the court.

On June 16, the trial court heard oral argument and by order dated June 18 and filed June 20, overruled all six motions filed by Andrew Larson.

On June 23, the Larsons filed a notice of appeal from the award in the District Court of Shawnee County. That proceeding remains undetermined, and is not before us in this action.

On July 5, the Larsons drew down the award for tract Nos. 3 and 5 in the total amount of $75,658.00.

On July 15, landowners filed their notice of appeal from the trial court's decision of June 20. That notice states:

"Andrew E. Larson and Jean M. Larson, hereby appeal the Trial Court's decision rendered . . . on June 18, 1983 and filed in the form of a Journal Entry on June 20, 1983 to the Court of Appeals to the State of Kansas."

The Docketing Statement contains similar language. The appeal was transferred to this court pursuant to K.S.A. 20-3018(c).

Before turning to the issue of jurisdiction, we will first review the nature of the proceeding from which this appeal arises. Prior to the enactment of our present Eminent Domain Procedure Act in 1963 (now K.S.A. 26-501 et seq.), we considered the nature of

original eminent domain proceedings in *Sutton v. Frazier,* 183 Kan. 33, 37, 325 P.2d 338 (1958). We said:

"An eminent domain proceeding is a special statutory proceeding and is not a civil action covered by the code of civil procedure. The proceeding is administrative rather than judicial, and its nature is the same whether conducted by or before a district court, or any judge thereof, the probate court, or its judge, a board of county commissioners or any other official board or tribunal authorized by the legislature to act in that capacity. The amount to be paid is determined by commissioners or appraisers and not by the board or tribunal appointing them or with whom they filed their report. The report of the amount found due is an award and is not a judgment. Prior to an appeal from the award the proceeding is in the nature of an inquest.

"The eminent domain proceeding does not provide a forum for litigation of the right to exercise the power of eminent domain nor the extent thereof. Upon appeal to the district court from an award the sole issue is the amount of compensation due and no contest of the condemner's right to exercise the power of eminent domain is permitted. The condemnees may and must litigate the condemner's right to the exercise of the power of eminent domain in an individual civil action, usually by suit for injunction. (*State Highway Commission v. Griffin,* 132 Kan. 153, 294 Pac. 872; *Glover v. State Highway Comm.,* 147 Kan. 279, 77 P.2d 189; *State v. Boicourt Hunting Ass'n,* 177 Kan. 637, 282 P.2d 395; *Board of Education of the City of Nickerson v. Gum,* 178 Kan. 397, 285 P.2d 780; and *Cline v. Kansas Gas & Electric Company,* 182 Kan. 155, 318 P.2d 1000.)

"Under the positive and express language of the cited cases, and many others collected in them, the condemnees (appellant's lessors) had no right whatever to litigate in the eminent domain proceeding the extent of the power of eminent domain conferred upon Sunflower by the legislature. The eminent domain proceeding, therefore, did not afford condemnees an opportunity to litigate the condemner's right to condemn oil and gas in place." 183 Kan. at 37-38.

In *Urban Renewal Agency v. Decker,* 197 Kan. 157, 415 P.2d 373 (1966), we considered the Eminent Domain Procedure Act of 1963. Justice Fromme, speaking for a unanimous court, quoted the first paragraph of the *Sutton* opinion set forth above, and then said:

"The above law is in accord with the provisions of K.S.A. 26-508 wherein an award is made and no judgment is provided for until after an appeal is docketed and tried as any other civil action. (K.S.A. 26-511.)

"The legislature has the inherent power of eminent domain limited only by constitutional restrictions. Such power may be delegated by the legislature to any public authority to be exercised as directed. So the power of eminent domain as to urban renewal has been given by the legislature to the municipality to determine that slum or blighted areas exist in such municipality and the rehabilitation, conservation, or redevelopment of such areas is necessary in the interest of public health, safety, morals or welfare of the residents of the municipality. The municipality has the exclusive right within its statutory authority in the first instance to determine what lots, parcels or tracts of land are to

be taken, after public hearing provided by statute, and then file a petition to exercise the right of eminent domain. The presumption is that public agencies and officers vested with discretionary administrative powers will perform their duties in a proper manner and exercise their powers in good faith. Under our law this exercise of discretion is not subject to judicial review unless there is proof of fraud, bad faith or abuse of discretion. Even when fraud, bad faith or abuse of discretion is claimed, such questions can be litigated only in a separate independent action such as the extraordinary remedy of injunction. (K.S.A. 17-4748, 17-4749. *In re Estate of Kline,* 175 Kan. 864, 267 P.2d 519; *Sutherland v. Ferguson,* 194 Kan. 35, 397 P.2d 335; *State Highway Comm. v. Ford,* 142 Kan. 383, 387, 46 P.2d 849; *Soden v. State Highway Comm.,* 192 Kan. 241, 244, 387 P.2d 182.)

"The 1963 Eminent Domain Procedure Act did not change the character of the proceedings in a condemnation action. Such proceedings remain statutory in the nature of an inquest. They are not judicial in nature and the procedures approved by prior case law in this state should be followed." 197 Kan. at 161-62.

We have since followed *Urban Renewal* in *Concerned Citizens, United, Inc. v. Kansas Power & Light Co.,* 215 Kan. 218, 523 P.2d 755 (1974), where we quoted from the *Urban Renewal* opinion and then said:

"The above statute [K.S.A. 26-504] must be construed to mean that if the appellants seek to contest KPL's power of eminent domain or if the appellants seek to contest KPL's decision that the taking of the land here in question is necessary to its lawful corporate purposes the appellants must do so in an independent action. In other words, the appellants have no power to stop the progress of the eminent domain proceeding by the public utility, where the trial court grants an order determining that the plaintiff has the power of eminent domain and that the taking is necessary to the lawful corporate purposes of the plaintiff, in the eminent domain proceeding itself." 215 Kan. at 227.

Later, in *Kansas Gas & Electric Co. v. Winn,* 227 Kan. 101, 605 P.2d 125 (1980), we cited and relied upon all three of these cases—*Sutton, Urban Renewal,* and *Concerned Citizens.* Paragraphs 5, 6 and 8 of the syllabus in the *Winn* opinion are helpful. They read:

"A condemnation proceeding instituted under K.S.A. 26-501 *et seq.,* is a special statutory proceeding. Such proceeding does not provide a forum for litigation over the right to exercise eminent domain or to determine the extent of said right." Syl. ¶ 5.

"The right to exercise the power of eminent domain and to determine other issues such as the necessity and the extent of the taking can only be litigated in an individual civil action, usually by suit for injunction." Syl. ¶ 6.

"In an eminent domain proceeding the court has no right to litigate outside issues raised by the condemnee in an effort to restrict and limit the rights appropriated." Syl. ¶ 8.

The matter before us is not a separate action, but an appeal in the original condemnation proceeding which, under the teachings of *Sutton, Urban Renewal* and *Concerned Citizens,* is a special statutory proceeding, not a civil action covered by the Code of Civil Procedure. Appellants, by their motions, sought to challenge plaintiff's compliance with certain federal and state legislation and the trial court's March 29th determination that the takings were necessary to the lawful purposes of the Secretary—highway construction. Additionally, they sought to have the construction plans produced and made a part of the petition, to extend the appraiser's proceedings, to amend the taking, and to disqualify an appraiser. The granting of those motions would have stopped or effectively delayed the progress of the eminent domain proceeding.

That the relief sought by the Larsons might have been pursued in an independent action for an injunction is made clear by our opinions in *Sutton, Urban Renewal,* and *Concerned Citizens.* Such a course was not pursued; relief was sought in the original special proceeding. That being the case, do the landowners have a right to appeal the adverse ruling under the facts disclosed above? We think not.

Appellants contend that this appeal is appropriate under K.S.A. 60-2102(*a*)(3) and (4), which reads as follows:

"(*a*) *As of right.* Except for any order or final decision of a district magistrate judge, the appellate jurisdiction of the court of appeals may be invoked by appeal as a matter of right from:

. . . .

"(3) *An order* that appoints a receiver, or refuses to wind up a receivership or to take steps to accomplish the purposes thereof, such as directing sales or other disposal of property, or *involving* the tax or revenue laws, or *the title to real estate,* or the constitution of this state, or the constitution, laws or treaties of the United States.

"(4) *A final decision in any action,* except in an action where a direct appeal to the supreme court is required by law. In any appeal or cross-appeal from a final decision, any act or ruling from the beginning of the proceedings shall be reviewable." (Emphasis supplied.)

Appellants first argue that, because the proceeding below involves the title to real estate, this appeal lies under subsection (*a*)(3). In support of this argument, appellants cite the case of *Smith v. Williams,* 3 Kan. App. 2d 205, 592 P.2d 129, *rev. denied* 226 Kan. 792 (1979). That case involved a boundary line dispute between private adjoining landowners, and is not persuasive

here. We do not find any cases involving eminent domain proceedings in which appeals were attempted or sustained under this statutory enactment. The appeal in *Urban Renewal Agency v. Naegele Outdoor Advertising Co.*, 208 Kan. 210, 491 P.2d 886 (1971), is distinguishable in that it involved a distribution and division of the award pursuant to K.S.A. 26-517, under which statute the court performed judicial work, adversary in nature. Its ruling was held appealable under K.S.A. 26-504. See 208 Kan. at 214. All original eminent domain proceedings, to some extent, involve title to real estate. If appeals in original proceedings were allowed under K.S.A. 60-2102(*a*)(3), the original proceedings would be subject to interminable interruption and delay. As we said in *McCain v. McCain*, 219 Kan. 780, 783, 549 P.2d 896 (1976):

"Our code and our rules envision and are designed to provide but one appeal in most cases, that to come after all issues have been determined on the merits by the trial court. Interlocutory and fractionalized appeals are discouraged, and are the exceptions and not the rule."

We do not think the legislature contemplated appeals in original eminent domain proceedings when it enacted K.S.A. 60-2102(*a*)(3). We conclude that this appeal does not lie under that statute.

Next, appellants claim that the appeal lies under K.S.A. 60-2102(*a*)(4) because the court's ruling on the motions constitutes a final decision in the action. A final order is ordinarily one which disposes of the entire merits of a controversy and reserves no further questions for future determination. See *Cusintz v. Cusintz*, 195 Kan. 301, 302, 404 P.2d 164 (1965). Here, some of the matters raised by appellants' motions could have been raised in an injunction or other separate action and the rest could be raised by appropriate discovery or other motions in an appeal from the appraisers' award taken pursuant to K.S.A. 26-504, which is docketed and tried as any other civil action. The order appealed from is clearly not a "final order." Neither of the cited statutory provisions authorizes this appeal.

We have not overlooked appellants' contention that the hearing as conducted by the appraisers denied the landowners due process. This issue was not raised in the trial court. When such an issue is raised for the first time on appeal, it is not properly before the appellate court for review. *Malone v. University of*

*Kansas Medical Center,* 220 Kan. 371, Syl. ¶ 1, 552 P.2d 885 (1976). Also, we note that the constitutional issue should be raised in a separate judicial proceeding, not in the original special proceeding for condemnation. As one authority states the rule:

"[Constitutional] objections are also open to an owner of land taken by eminent domain in a state in which condemnation proceedings are considered administrative and not judicial, and he is constitutionally entitled to a hearing thereon before a judicial tribunal; *but he must raise such objections in certiorari or other appropriate proceedings instituted by himself, rather than in defending proceedings instituted by the condemning party.*" (Emphasis added.) 1 Nichols on Eminent Domain § 4.101[2] (rev. 3d ed. 1981).

We agree. The issue is not properly before us at this time.

The appeal is dismissed.