No. 45,198

CLAUD S. SHELOR, JR., and ROBERTA R. SHELOR, *Appellants*, v. WESTERN POWER AND GAS COMPANY, INC., *Appellee*.

(449 P. 2d 591)

Opinion filed January 25, 1969.

*Lelyn Braun,* of Garden City, argued the cause and was on the brief for appellants.

*Harry A. Waite,* of Dodge City, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: This is an action to enjoin Western Power and Gas Company, Inc., a public utility, from taking plaintiffs' land by eminent domain proceedings.

The power company sought to acquire 34.6 acres of land owned by the plaintiffs in separate proceedings pursuant to K. S. A. 26-501 *et seq.* While the condemnation proceedings were pending on appeal from the appraiser's award the plaintiffs filed the present injunction action. The land is adjacent to property owned by the power company. It extends north to the south right-of-way line of U. S. Highway 154.

As a basis for injunctive relief the plaintiff-landowners allege the amount of land taken is excessive, unnecessary, unlawful and beyond the needs of the company.

The action was tried to the court. The court found in favor of the power company and entered judgment accordingly. The plaintiffs have appealed.

The plaintiffs do not question the company's general right to exercise the power of eminent domain. They do question the right of the company to condemn the entire 34.6 acres. They contend the amount is excessive by ten acres. No particular ten acres is designated.

In *Reinecker v. Board of Trustees,* 198 Kan. 715, 426 P. 2d 44, we said:

"In the absence of a statute limiting the amount of land which may be appropriated for a public purpose, a grantee of the power of eminent domain is vested with reasonable discretion in determining the amount of land required for such purpose and its discretion may not be disturbed on judicial review unless there has been fraud, bad faith or an abuse of discretion." (Syl. 1)

A public utility with the power of eminent domain is vested with a reasonable discretion to determine the amount of land necessary for its lawful corporate purposes and when such discretion is exercised it will not be disturbed on judicial review unless fraud, bad faith or an abuse of discretion is shown. (See *Urban Renewal Agency v. Decker,* 197 Kan. 157, 415 P. 2d 373 and *Reinecker v. Board of Trustees,* supra.)

The land is being condemned in the present case for a plant site to accommodate an electric generating and transmission station. It is conceded this is a lawful corporate purpose of the company for which its power of eminent domain may be exercised.

In determining the acreage needed by a public utility to carry out its lawful purposes, not only present demands but also demands which can be fairly and reasonably anticipated for the future may be taken into consideration. (*Soden v. State Highway Commission,* 192 Kan. 241, 387 P. 2d 182; *Reinecker v. Board of Trustees,* supra.)

The facts in this case do not indicate fraud, bad faith or abuse of discretion on the part of the power company in its exercise of this discretionary authority.

The evidence indicates the company has begun an expansion program at Dodge City. The immediate expansion includes the installation of a fourth generating and transmission unit at an estimated cost of $15,000,000. The addition will include a 150,000 kilowatt generator, sub-station, cooling tower, transmission lines and associated facilities such as access roads and parking area. The completion date is set for 1969.

The land being condemned for a plant site is sufficient in area to permit the construction of this fourth unit plus a fifth unit. An officer of the company testified there had been a national average annual increase of 8% in the consumption of electric power during the preceding ten years. The increase for Western Power and Gas Company, Inc., was slightly above the national average. Western's peak kilowatt load had risen from 100,000 in 1957 to 240,000 in 1967. The capacity of the fourth generating and transmission unit would be reached by 1972 or 1973 based upon the past history of the company. At that time it would be necessary to have the fifth unit in operation on this plant site. The construction of a fifth unit would fully develop the 34.6 acre site as far as it is feasible to do so.

The plant site at Dodge City contains 70 acres, including the acreage being condemned. The company owns generating stations at Great Bend and Liberal, Kansas. The plant site at Great Bend is located on a tract of 100 acres. The plant site at Liberal is located on an 80 acre tract. The Great Bend station has a peak kilowatt capacity of 140,000 and the Liberal station has a 64,000 kilowatt capacity. The Dodge City station will have a peak kilowatt capacity of 180,000 when the fourth unit is completed in 1969.

The total acreage of the Dodge City station compares favorably to the facilities at Great Bend and Liberal.

An engineering layout and plat showing the location of the present and future facilities completing development on this site was introduced in evidence. A vice-president of the company was called as a witness by the plaintiff. He testified it was necessary to use the entire acreage condemned to fulfill present and future demands for power which might be fairly and reasonably anticipated in the next five years. He stated these anticipated demands were based upon reasonable and prudent judgments normally used by him in this business. These judgments were based upon known historical trends in the consumption of electrical power which his company had experienced.

The acreage sought to be condemned for plant site development does not appear excessive. On the record before us there is no showing of fraud, bad faith or abuse of discretion on the part of the power company or its officers in condemning the entire 34.6 acres of land. In determining the acreage needed the company properly considered, not only present demands but also demands for electric power which were fairly and reasonably anticipated.

The judgment is affirmed.