No. 57,268

FRED MURRAY, CHARLENE R. MURRAY and MURRAY CONSTRUCTION COMPANY, INC., *Appellants*, v. STATE OF KANSAS, DEPARTMENT OF TRANSPORTATION and THE CITY OF BONNER SPRINGS, KANSAS, *Appellees*.

(716 P.2d 540)

Opinion filed March 28, 1986.

*Michael A. Preston*, of McDonald, Dykes, Christlieb & Shields, of Overland Park, argued the cause, and *L. D. McDonald, Jr.*, of the same firm, was with him on the brief for appellants.

*Scott K. Logan*, of Fallon, Holbrook & Ellis, of Kansas City, argued the cause, and *Reid F. Holbrook* and *Ronald D. Garrison*, of the same firm, and *David G. Tittsworth*, chief attorney, of the Kansas Department of Transportation, and *Donald H. Corson, Jr.*, of Corson & Osborn, P.A., of Kansas City, were on the brief for appellees.

The opinion of the court was delivered by

MCFARLAND, J.: This is a hydra-headed action by the owners of property operated as a rock quarry wherein they challenge, on various grounds, the taking of their property by eminent domain, seek compensation for rock removed from the property on the theory of inverse condemnation, and request damages for violation of their civil rights pursuant to 42 U.S.C. § 1983 (1982). The district court held the petition failed to state any claims upon which relief could be granted and dismissed the action. Plaintiffs appeal from said dismissal.

The plaintiffs owned approximately fourteen acres of land in Bonner Springs on which they operated a rock quarry and stored construction machinery and equipment. On July 22, 1982, defendant City filed an eminent domain proceeding to acquire plaintiffs' property in fee simple for "controlled access highway right of way including sewer and utility purposes and appurtenances and removal of borrow material." The court-appointed appraisers, who filed their report on September 22, 1982, set forth an award of $175,000.00. On October 22, 1982, plaintiffs appealed from the award.

On December 7, 1983, plaintiffs filed this action seeking the varieties of relief previously set forth. The district court held that the petition failed to state a cause of action, finding specifically:

(1) the challenges to the taking could only be determined in the appeal from the award;

(2) all issues relative to compensation would be determined in the upcoming trial of appeal from the award; and

(3) the petition failed to state a cause of action pursuant to 42 U.S.C. § 1983 (1982).

We turn now to a discussion of the issues.

## CHALLENGES TO THE TAKING

The district court held that challenges to the taking could only be determined in the pending appeal from the award. This was error. As noted in *In re Condemnation of Land for State Highway Purposes*, 235 Kan. 676, 683 P.2d 1247 (1984):

"A condemnation proceeding instituted under K.S.A. 26-501 *et seq.* is a special statutory proceeding. Such proceeding does not provide a forum for litigation over the right to exercise eminent domain or to determine the extent of said right." Syl. ¶ 1.

"The right to exercise the power of eminent domain and to determine other issues such as the necessity and the extent of the taking can only be litigated in an individual civil action, usually by suit for injunction." Syl. ¶ 2.

Plaintiffs challenge the taking of fee simple title to the real estate. They contend K.S.A. 26-201 limits the taking to a permanent easement. The statute provides in pertinent part:

"A city shall have the right to acquire by condemnation any interest in real property, including a fee simple title thereto: *Provided,* Cities shall not have the right to acquire a fee simple title to property condemned solely for street purposes. Whenever it shall be deemed necessary by the governing body of any city to appropriate private property for the use of the city for any purpose whatsoever, the governing body shall by resolution declare such necessity and authorize a survey and description of the land or interest to be condemned to be made by some competent engineer and filed with the city clerk."

Plaintiffs contend the taking was solely for street purposes and hence K.S.A. 26-201 permits the taking only of a permanent easement. We do not agree. The petition in the eminent domain proceeding clearly states the property is being taken in fee simple title "for controlled access highway right of way including sewer and utility purposes and appurtenances and removal of borrow material." Clearly this was a taking for more than street purposes even if, as it is argued, the term "controlled access highway" is within the definition of "street" set forth in K.S.A. 12-6a01(g). We conclude taking fee simple title to the property was not unlawful.

Next, plaintiffs argue that the defendant City only required eleven acres of the tract for its purposes and the taking of the entire fourteen-acre tract was therefore unlawful. We do not agree. Originally, the City contemplated taking only eleven acres, leaving three acres with access to the planned controlled access highway. When the final construction plans were approved, the three-acre portion of the tract was left without access to the highway. The City then determined it was appropriate to take the entire tract. The grantee of the power of eminent domain is vested with reasonable discretion in determining the amount of land necessary to accomplish its lawful purposes, and the grantee's exercise of discretion cannot be overturned in a judicial proceeding absent a showing of fraud, bad faith, or abuse of discretion. See *Shelor v. Western Power & Gas Co.,* 202 Kan. 428, 449 P.2d 591 (1969). Ordinarily a challenge to the reasonableness of the amount of land taken by eminent domain is not a fit subject for dismissal of a claim for failure to state a cause of action. Here, however, the district court in its memorandum decision emphasized the long delay between the taking and the

institution of the independent action. This action was filed over sixteen months after the original eminent domain proceeding was commenced and almost fourteen months after plaintiffs had appealed from the appraisers' award. Construction of the highway project was well underway at the time this action was filed. In fact, it was plaintiffs' observations of the substantial removal of rock from the tract that prompted the filing of this action. Plaintiffs brought the action asking, *inter alia*, a court of equity to enjoin the taking of the three acres as being unreasonable. The district court clearly believed plaintiffs had delayed too long in seeking equitable relief in this regard. Although dismissal for failure to state a cause of action may not have been the proper terminology to employ, denial of the requested equitable relief on the basis of laches was appropriate under the circumstances. Plaintiffs knew the condemnor was taking the entire tract in fee simple sixteen months before filing their challenge and waited until construction was well underway before commencing their action. As stated in *Dutoit v. Board of Johnson County Comm'rs*, 233 Kan. 995, 667 P.2d 879 (1983):

"If the plaintiff stands by and remains passive while the adverse party incurs risks, enters into obligations and makes large expenditures, so that by reason of the change of conditions disadvantage and great loss will result to the adverse party which might have been avoided if the plaintiff had asserted his claim with reasonable promptitude, there are grounds for declining to grant relief. *Kirsch v. City of Abilene*, 120 Kan. 749, 751-52, 244 Pac. 1054 (1926)." Syl. ¶ 4.

## COMPENSATION CLAIMS

Plaintiffs sought an injunction against further rock removal from the tract, an accounting of the rock removed, and compensation for the rock as an element of damage separate from the market value of the land (to be determined in their appeal from the appraisers' award). They rely on a theory of inverse condemnation which is, in turn, grounded on their assertion the City acquired only a permanent easement rather than fee simple title to the tract and that an easement for "borrow" purposes does not permit the rock to be used for highway purposes except as fill. The rock herein was used, at least in part, for road base and aggregate mix. These claims fall with our prior determination that fee simple title was acquired by the condemnor.

The jury trial on the plaintiff-landowners' appeal from the appraisers' award was held shortly after the dismissal of the action herein. The plaintiffs were awarded $323,250 by the

jury—$148,250 more than the $175,000 appraisers' award previously paid in by the condemnor and drawn out by plaintiffs. Any issues relative to the proper measure of damages to be utilized in determining the fair market value of the property taken lie in the appeal from the appraisers' award. Plaintiff-landowners filed an appeal from the judgment entered therein. That appeal was dismissed voluntarily by the landowners (plaintiffs herein) on September 5, 1984.

We find these compensation claims are without merit.

## § 1983 CIVIL RIGHTS CLAIM

The provision of 42 U.S.C. § 1983 (1982) states:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Plaintiffs contend that they have been deprived of their rock under color of state law. They argue that the rock removal for use as aggregate mix and base rock constitutes a form of inverse condemnation. Had the same rock been utilized as fill for the highway, presumably this would be proper as "borrow" material was a use expressly provided for in the eminent domain proceeding. The logic of this argument is difficult to follow. The defendant City took the property in fee simple title for purposes which included invasion below the surface thereof and removal of material for use in the construction project. The fair market value of the entire fee has been determined in a jury trial on the landowners' appeal from the appraisers' award. Plaintiffs filed an appeal from said jury trial judgment and then voluntarily dismissed the appeal. Clearly, plaintiff-landowners had an adequate remedy at law for determination of compensation for the taking of their property and availed themselves of it. There is, accordingly, no taking of property without payment of just compensation or without having been afforded rights of due process. There is no violation of the only two constitutional rights possibly involved herein, and thus no § 1983 cause of action is stated. See *Nika Corp. v. City of Kansas City, Mo.*, 582 F.Supp. 343 (W.D. Mo. 1983), and *Kao v. Red Lion Municipal Authority*, 381 F. Supp. 1163 (M.D. Pa. 1974).

The judgment is affirmed.