No. 95,418

DEBRA L. MILLER, In Her Capacity as the Secretary of Transportation for the State of Kansas, *Appellee*, v. AMY L. BARTLE and JAMES A. D. BARTLE, *Appellants*.

(150 P.3d 1282)

Opinion filed February 2, 2007.

*James Bartle*, of Lawrence, argued the cause and was on the briefs for appellants.

*Dan Biles*, of Gates, Biles, Shields & Ryan, P.A., of Overland Park, argued the cause, and *Eldon J. Shields*, of the same firm, and *Sally A. Howard*, chief counsel for the Kansas Department of Transportation, were with him on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: Amy and James Bartle (the Bartles) appeal from a jury award in an eminent domain proceeding initiated by the Kansas Department of Transportation (KDOT) for the partial taking of their property for a highway improvement project in Douglas County, Kansas. They do not appeal the jury determination of the fair market value of the property taken, but claim on appeal that they have been denied equal protection and due process of law under the United States Constitution. They base their claim upon legislation authorizing a payment of 125 percent to those persons whose property was taken to construct a racetrack in Wyandotte County, Kansas. The Bartles also seek costs and attorney fees under 42 U.S.C. § 1988 (2000). The trial court rejected both claims, and we affirm.

KDOT originally cross-appealed but now concedes that the 2006 legislative amendments to the provisions of K.S.A. 2005 Supp. 26-

508 resolve its claim that the district court lacked jurisdiction to hear the Bartles' appeal due to their failure to timely pay the original filing fee. See K.S.A. 2006 Supp. 26-508. Therefore, we are left to consider only the issues raised by the Bartles. While we address most of their arguments in the resolution of this appeal, the dispositive question in this appeal is whether the district court had jurisdiction under the Eminent Domain Procedures Act (EDPA), K.S.A. 26-501 *et seq.*, to consider the Bartles' claims.

## FACTS

In June 2003, Debra Miller, the Secretary of the Kansas Department of Transportation (the Secretary), initiated a condemnation action in the Douglas County District Court entitled *Miller v. Diamond Head Limited Partnership et al.*, Case No. 03-C-311. Through this action, KDOT sought to exercise its eminent domain power subject to K.S.A. 26-501 *et seq.* to acquire title or easements to land necessary to carry out a highway improvement project.

The Bartles were named as defendants to this condemnation action, due to their ownership of property in Lawrence, a portion of which was designated for taking. In particular, KDOT sought to acquire the property for a permanent easement for controlled access right-of-way (consisting of 3,960 square feet), as well as a permanent easement for public and utility purposes (consisting of 4,809 square feet). Thus, KDOT sought to condemn 8,769 square feet of the Bartles' property.

On November 25, 2003, a panel of court-appointed appraisers submitted a report containing appraisal values for the various properties listed on the condemnation action. The appraisers determined that the Bartles' taken property had an appraisal value of $32,000 (the fair market value of their property before the taking, $250,000, less the fair market value of their property after the taking, $218,000). Once this report had been filed, the Secretary paid to the clerk of the district court the total appraised value of the properties taken, including the $32,000 for the property formerly owned by the Bartles. Pursuant to K.S.A. 26-507, the Secretary's payment of the appraisers' award to the court immediately vested KDOT with title to the condemned property.

On December 22, 2003, the Bartles filed a notice of appeal with the district court, appealing the appraisers' award pursuant to K.S.A. 2005 Supp. 26-508 and requesting a jury trial to determine the compensation to be paid for the taking of their property. The appeal was filed under the same caption and case number as the original eminent domain proceeding. However, the Bartles failed to pay the docket fee when they filed their appeal.

The Secretary filed a motion to dismiss the Bartles' appeal in the eminent domain administrative proceeding; this motion was denied.

After this motion was denied, the district judge directed that the Bartles should be allowed to docket their appeal and pay the filing fee. The appeal was docketed as a civil case, *In re Appeal of Amy L. Bartle and James A. D. Bartle*, Case No. 04-C-155, on March 19, 2004, and the Bartles paid the filing fee on that same date.

The Secretary refiled the motion to dismiss in the civil action before the district court, Case No. 04-C-155, asserting that the Bartles had failed to perfect their appeal in accordance with K.S.A. 2005 Supp. 26-508 because they had not docketed the appeal as a new civil action or paid the docket fee. In addition, KDOT asserted that the court lacked jurisdiction to extend the time for properly perfecting the Bartles' appeal. The court subsequently denied this motion.

In its pretrial questionnaire before the district court, KDOT submitted that the Bartles were entitled to receive $35,600 for the taking of their property. This number was based on information contained in a report prepared by KDOT's designated expert, who found that the "before value" of the Bartles' property was $260,000 and the "after value" was $224,400 ($260,000 − $224,400 = $35,600).

Prior to trial, the Bartles filed two motions. The first motion sought to compute the compensation to be awarded for the taking of their property in an amount equal to 125 percent of the fair market value of their property. In particular, the Bartles argued in their motion that the provision of K.S.A. 2005 Supp. 12-1773, which provided for an additional 25 percent of the fair market value to be awarded to condemnees' whose property was taken for the

construction of the Kansas Speedway, violated the Equal Protection and Due Process Clauses of the United States Constitution.

The second motion sought an award for costs and attorney fees subject to 42 U.S.C. § 1988. According to the Bartles' argument, KDOT violated the Bartles' Fifth Amendment right to "just compensation" because KDOT only paid $32,000 to the court at the previous condemnation proceeding and the Department's own expert in the current trial stated that the property was worth $35,600. The Bartles thus argued that they were "prevailing" parties within the meaning of 42 U.S.C. § 1988 and were entitled to costs and attorney fees.

At a hearing on these motions, the court deferred its ruling on the attorney fees issue but denied the Bartles' motion concerning the constitutionality of K.S.A. 2005 Supp. 12-1773 because "in this regard and how we're before the Court, on an appeal as to what is proper compensation, it is not the place for it to be raised."

A jury awarded the Bartles $40,342.95 as compensation for the property taken, based on a fair market value of $264,000 before the taking minus the after value of $223,657.05. In addition, the Bartles were awarded interest on $8,342.95 (the portion of the award in excess of the $32,000 awarded in the condemnation proceeding).

When the jury returned its award, the Bartles renewed their motions for attorney fees pursuant to 42 U.S.C. § 1988 and for an award of 125 percent of the fair market value of the property taken. The court denied both motions.

The Bartles subsequently appealed. Though the Bartles do not appeal the jury's determination of the fair market value of their property taken, they assert that the district court was incorrect in its denial of their two motions. The Bartles claim the district court improperly denied its motion for compensation of 125 percent of the fair market value of their condemned property, based on their argument that the provision in K.S.A. 2005 Supp. 12-1773 (which awarded an additional 25 percent of the fair market value for property taken for construction of the Kansas Speedway) violates the Equal Protection and Due Process Clauses of the United States Constitution. In addition, the Bartles appeal the district court's

denial of their motion for costs and attorney fees subject to 42 U.S.C. § 1988.

The Secretary asserts that the Bartles were precluded from arguing constitutional issues in their appeal from the eminent domain hearing because K.S.A. 2005 Supp. 26-508 specifically limits the issue to be raised in such a proceeding to the compensation required under K.S.A. 26-513. The Secretary states that these issues should have been brought in a separate civil action, such as a declaratory action or an action for injunctive relief, not in the context of an eminent domain appeal.

*Justiciability of the Bartles' Claims*

The resolution of this question involves an interpretation of the Eminent Domain Procedure Act (EDPA), K.S.A. 26-501 *et seq.* Our standard of review is well established:

"The interpretation of a statute is a question of law over which this court's review is unlimited. This court is not bound by the district court's interpretation of a statute. A statute which confers the right to exercise the power of eminent domain is to be strictly construed in light of the objectives and the purposes sought to be attained by its enactment." *Nat'l Compressed Steel Corp. v. Unified Gov't of Wyandotte County/Kansas City*, 272 Kan. 1239, Syl. ¶ 5, 38 P.3d 723 (2002).

Before discussing the merits of the Bartles' claims, we first consider the nature of an eminent domain action in Kansas. *In re Condemnation of Land for State Highway Purposes*, 235 Kan. 676, 678-79, 683 P.2d 1247 (1984), contains an excellent description of the nature of the action we consider in this appeal:

"Prior to the enactment of our present Eminent Domain Procedure Act in 1963 (now K.S.A. 26-501 *et seq.*), we considered the nature of original eminent domain proceedings in *Sutton v. Frazier*, 183 Kan. 33, 37, 325 P.2d 338 (1958). We said:

'An eminent domain proceeding is a special statutory proceeding and is not a civil action covered by the code of civil procedure. The proceeding is administrative rather than judicial, and its *nature is the same* whether conducted by or before a district court, or any judge thereof, the probate court, or its judge, a board of county commissioners or any other official board or tribunal authorized by the legislature to act in that capacity. The amount to be paid is determined by commissioners or appraisers and not by the board or tribunal appointing them or with whom they filed their report. The report of the amount found due is an *award and is not a judgment*. Prior to an appeal from the award the proceeding is in the nature of an inquest.

'The eminent domain proceeding does not provide a forum for litigation of the right to exercise the power of eminent domain nor the extent thereof. Upon appeal to the district court from an award the *sole issue is the amount of compensation due* and no contest of the condemner's right to exercise the power of eminent domain is permitted. The condemnees may and must litigate the condemner's right to the exercise of the power of eminent domain in an individual civil action, usually by suit for injunction. [Citations omitted.]

'Under the positive and express language of the cited cases, and many others collected in them, the condemnees (appellant's lessors) had no right whatever to litigate in the eminent domain proceeding the extent of the power of eminent domain conferred upon Sunflower by the legislature. The eminent domain proceeding, therefore, did not afford condemnees an opportunity to litigate the condemner's right to condemn oil and gas in place.' " (Emphasis added.)

The 1963 EDPA did not change the nature of the proceedings in a condemnation action. The proceedings remain statutory, in the nature of an inquest. An eminent domain action in Kansas is not judicial in nature, and the procedures approved by prior law in this state should be followed. See *Urban Renewal Agency v. Decker*, 197 Kan. 157, 161-62, 415 P.2d 373 (1966). In *Kansas Gas & Electric Co. v. Winn*, 227 Kan. 101, 605 P.2d 125 (1980), this court, relying upon prior case law dealing with eminent domain law in Kansas, set forth basic principles governing eminent domain proceedings under our statutory law:

"A condemnation proceeding instituted under K.S.A. 26-501 *et seq.*, is a special statutory proceeding. Such proceeding does not provide a forum for litigation over the right to exercise eminent domain or to determine the extent of said right." Syl. ¶ 5.

"The right to exercise the power of eminent domain and to determine other issues such as the necessity and the extent of the taking can only be litigated in an individual civil action, usually by suit for injunction." Syl. ¶ 6.

"In an eminent domain proceeding the court has no right to litigate . . . in an effort to restrict and limit the rights appropriated." Syl. ¶ 8.

## The Eminent Domain Procedures Act

K.S.A. 2005 Supp. 26-508 provides in relevant part:

"An appeal by the plaintiff or any defendant shall bring the issue of damages to all interests in the tract before the court for trial de novo. The appeal shall be docketed as a new civil action and tried as any other civil action. *The only issue to be determined therein shall be the compensation required by K.S.A. 26-513, and amendments thereto.*" (Emphasis added.)

K.S.A. 26-513(a) states that "[p]rivate property shall not be taken or damaged for public use without just compensation." In cases of a partial taking where "only a part of a tract of land or interest is taken," such as the taking that occurred in this case, the statute provides that "the compensation and measure of damages is the difference between the fair market value of the entire property or interest immediately before the taking, and the value of that portion of the tract or interest remaining immediately after the taking." K.S.A. 26-513(c).

Fair market value is defined in K.S.A. 26-513(e) as

"the amount in terms of money that a well informed buyer is justified in paying and a well informed seller is justified in accepting for property in an open and competitive market, assuming that the parties are acting without undue compulsion. The fair market value shall be determined by use of the comparable sales, cost or capitalization of income appraisal methods or any combination of such methods."

The plain language of K.S.A. 2005 Supp. 26-508 limits the district court's jurisdiction in appeals from eminent domain proceedings to the issue of compensation—that is, to a determination of the fair market value of the property in question, as defined in K.S.A. 26-513(e). According to the Bartles, the issues raised relate to just compensation, but the plain statutory language quoted above limits issues to a determination of the fair market value only. Compensation beyond fair market value is not justiciable in an eminent domain proceeding.

The district court denied the Bartles' motion that their compensation be computed at 125 percent of the fair market value, a motion based on constitutional questions of equal protection and due process. The court concluded that "this [an appeal from the eminent domain proceeding] is not the proper forum to raise these matters." The court also denied the motion for attorney fees subject to 42 U.S.C. § 1988 on other grounds, stating that "if you grant attorney's fees under the federal statute, you make meaningless the State statute" awarding attorney fees only if the condemning authority appeals.

Past opinions of this court support the district court's conclusion that K.S.A. 2005 Supp. 26-508 precludes the Bartles from raising

their claims in an appeal from an eminent domain proceeding. As this court explained in *In re Condemnation of Land for State Highway Purposes*, 235 Kan. 676, Syl. ¶ 1, "[a] condemnation proceeding instituted under K.S.A. 26-501 *et seq.* is a special statutory proceeding. Such proceeding does not provide a forum for litigation over the right to exercise eminent domain or to determine the extent of said right."

The Bartles contend that eminent domain proceedings consist of two different actions: the *initial action* brought by the condemning authority pursuant to K.S.A. 26-501 *et seq.* and the *appeal* from the appraisers' award pursuant to K.S.A. 2005 Supp. 26-508. Thus, the Bartles argue that although their constitutional questions could not be brought in the original action commenced by KDOT, their appeal from that action brings "the issue of damages to all interests in the tract before the court for trial de novo" and is "docketed as a new civil action and tried as any other civil action." K.S.A. 2005 Supp. 26-508. Because the appeal is tried "as any other civil action," they assert that they are not precluded from raising their constitutional questions.

The above arguments depend upon a "selective reading" of the statute and completely ignore the last sentence in K.S.A. 2005 Supp. 26-508: "The *only issue to be determined* [in the appeal] shall be the compensation required by K.S.A. 26-513, and amendments thereto." (Emphasis added.) Moreover, it is clear that the legislature provided that the procedures governing the determination of fair market value on appeal are the same procedures employed in "any other civil action." K.S.A. 2005 Supp. 26-508. That is not to say the outside issues raised by the Bartles have no remedy. As explained numerous times by this court in its past decisions and specifically in *Nat'l Compressed Steel Corp.*, 272 Kan. at 1245 (citing *In re Condemnation of Land for State Highway Purposes*, 235 Kan. 676, Syl. ¶¶ 1, 2, 3):

"[Q]uestions regarding the condemner's power of eminent domain and the extent of restrictions on the condemner's power cannot be presented in the eminent domain action because such proceeding does not provide a forum to litigate the right to exercise eminent domain or to determine the extent of that right. *In an eminent domain proceeding, there is no right to litigate outside issues raised by*

*the condemnee.* The right to exercise the power of eminent domain and to determine other issues such as the necessity and the extent of the taking *can only be litigated in a separate civil action,* usually by suit for injunction." (Emphasis added.)

While the Bartles recognize that a condemnation action "does not provide a forum in which to litigate the right to exercise eminent domain, or the extent of that right, or assert claims seeking to restrict or limit the rights appropriated," they nevertheless argue that their constitutional claims do not fall into these categories. Yet, the heart of this appeal is the Bartles' claim that "just compensation" not only includes fair market value, but also includes the additional 25 percent compensation in K.S.A. 2005 Supp. 12-1773(a). In order to prevail, the Bartles must establish that application of the EDPA denies them equal protection and due process of law. Their argument necessarily involves an attempt to litigate the extent of the right to exercise eminent domain, a subject beyond the jurisdiction of the district court. Their contention that "their claims relate exclusively to the issue of just compensation" is without merit.

In support of their argument, the Bartles cite *Deisher v. Kansas Dept. of Transportation,* 264 Kan. 762, 770, 958 P.2d 656 (1998), where this court explained:

"The Fifth Amendment to the United States Constitution prohibits the taking of private property for public use without just compensation. The Fifth Amendment prohibition is applicable to the states by way of the Fourteenth Amendment. The constitutional prohibition against private property being taken for public use without compensation is *codified in K.S.A. 26-513* . . . ." (Emphasis added.)

The fact that the EDPA "codifies" the Fifth Amendment protection against taking property without just compensation does not mean that all constitutional claims relating to the Fifth Amendment are available at an eminent domain proceeding. This court has specifically listed two such constitutional challenges that may not be brought—those involving the right to exercise eminent domain and the extent of the government's right. *Nat'l Compressed Steel Corp.,* 272 Kan. at 1245.

More importantly, this court has explicitly held that constitutional questions may not be raised in the context of eminent do-

main proceedings or appeals therefrom. *In re Condemnation of Land for State Highway Purposes* arose from an appeal to the district court from an eminent domain proceeding. Among other claims, the condemnees argued that the eminent domain hearing conducted by the appraisers denied them due process rights in violation of the United States Constitution. This court held that the constitutional question could not be raised in the context of the appeal from the original statutory proceeding, reasoning that "the constitutional issue should be raised *in a separate judicial proceeding, not in the original special proceeding for condemnation.*" (Emphasis added.) 235 Kan. at 683. The court continued:

" '[Constitutional] objections are also open to an owner of land taken by eminent domain in a state in which condemnation proceedings are considered administrative and not judicial, and he is constitutionally entitled to a hearing thereon before a judicial tribunal; *but he must raise such objections in certiorari or other appropriate proceedings instituted by himself, rather than in defending proceedings instituted by the condemning party.*' (Emphasis added.) 1 Nichols on Eminent Domain § 4.101[2] (rev. 3d ed. 1981)." 235 Kan. at 683.

The Bartles argue that because their appeal is "docketed as a new civil action and tried as any other civil action," K.S.A. 2005 Supp. 26-508, the appeal itself is a "separate civil action" or a "separate judicial proceeding" as described by this court in *Nat'l Compressed Steel Corp.*, 272 Kan. at 1245, and *In re Condemnation of Land for State Highway Purposes*, 235 Kan. at 683, respectively. The Bartles therefore contend that they may raise their constitutional issues relating to just compensation in their appeal, even if they could not raise these issues in the original eminent domain proceeding.

As previously pointed out above, this argument not only ignores the statutory language limiting the issues to be raised on appeal in EDPA proceedings, but it misconstrues both the opinions of this court and the nature of appeals. *In re Condemnation of Land for State Highway Purposes* involved an appeal from an eminent domain proceeding to the district court, yet this court still found that the parties could not raise constitutional issues in their appeal. See 235 Kan. at 678, 683. The court specifically held that "[t]he matter before us is *not a separate action,* but an appeal in the original

condemnation proceeding which . . . is a special statutory proceeding, not a civil action covered by the Code of Civil Procedure." (Emphasis added.) 235 Kan. at 681.

The Bartles had an avenue to raise the issues they now seek to raise in this appeal—through a separate, independent civil action for an injunction or other relief. However, because they elected not to avail themselves of a remedy clearly identified in prior decisions of this court, the record on appeal to the district court as well as this court contains the only allegations of the Bartles. The wisdom of the legislature in limiting issues that may be raised in eminent domain action is readily apparent. Proceedings in eminent domain are not judicial and thus are not suited to provide a record on appeal to resolve the very issues the Bartles attempt to raise.

An appeal from the appraisers' award in an eminent domain action is an appellate proceeding. The Bartles' assertion that they may raise constitutional questions in their appeal from the eminent domain proceeding under K.S.A. 2005 Supp. 26-508 is without merit. They did not and could not raise their constitutional questions in the original eminent domain proceeding; they attempted to raise them for the first time on appeal. It is a fundamental rule of appellate procedure that issues not raised before the trial court cannot be raised on appeal. *Board of Lincoln County Comm'rs v. Nielander*, 275 Kan. 257, 268, 62 P.3d 247 (2003). Moreover, constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *U.S.D. No. 233 v. Kansas Ass'n of American Educators*, 275 Kan. 313, 325, 64 P.3d 372 (2003).

Consistent with the plain language of the EDPA, with the nature of the proceeding we review, and with the past decisions of this court interpreting the EDPA, we conclude like the district court that there was no jurisdiction in this proceeding to address the claims of the Bartles.

For all the reasons set forth above, our holding in this case applies to the Bartles' constitutional claims and to the claim for costs and attorney fees under 42 U.S.C. § 1988.

The Bartles rely on our decision in *Allison v. Board of Johnson County Comm'rs*, 241 Kan. 266, 737 P.2d 6 (1987), where this

court upheld an award of attorney fees in a condemnation proceeding, to support their claim for attorney fees in this appeal. However, their reliance on *Allison* is misplaced. *Allison* was not an appeal from an eminent domain action, but rather involved an inverse condemnation action brought by the condemnees to enjoin the levying of several special assessments within Johnson County. Thus, because it was an independent judicial action initiated by landowners, the *Allison* case did not involve the procedural bars unique to an action under the EDPA.

In addition, the Bartles rely on *Murray v. Kansas Dept. of Transportation*, 239 Kan. 25, 29, 716 P.2d 540 (1986), where this court held that the plaintiffs in an inverse condemnation case did not successfully state a cause of action under 42 U.S.C. § 1983. When considering the unrelated issue whether the plaintiffs could collaterally attack the jury award from their original compensation proceeding pursuant to K.S.A. 26-508 via their current action for an injunction, the court stated that "[a]ny issues relative to the proper measure of damages to be utilized in determining the fair market value of the property taken lie in the appeal from the appraisers' award." 239 Kan. at 29. The Bartles assert that the court's language that "any issues relative to the proper measure of damages" should be brought in an appeal under K.S.A. 2005 Supp. 26-508 encompasses an award of attorney fees under § 1988.

There is no support for this assertion in *Murray*, nor does logic support such a conclusion. The issue of attorney fees does not concern the "fair market value of the property taken." A motion for attorney fees under 42 U.S.C. § 1988 does not pertain to "the compensation required by K.S.A. 26-513." See K.S.A. 2005 Supp. 26-508. As stated above, the district court did not have jurisdiction in the Bartles' appeal from the original eminent domain proceeding to consider their request for fees. As this court explained in the *In re Condemnation of Land for State Highway Purposes* decision:

"That the relief sought . . . might have been pursued in an independent action for an injunction is made clear by our opinions . . . . Such a course was not pursued; relief was sought in the original special proceeding. That being the case, do the landowners have a right to appeal the adverse ruling under the facts disclosed above? We think not." 235 Kan. at 681.

Because the court in an appeal from an eminent domain proceeding under the EDPA does not have jurisdiction to consider constitutional issues or any issue other than the compensation due under K.S.A. 26-513, and because the Bartles raise only these extraneous issues in the current appeal to this court, their appeal is dismissed for lack of jurisdiction.

Appeal dismissed.

ALLEGRUCCI, J., not participating.
LOCKETT, J., Retired, assigned.