No. 123,063

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KANSAS FIRE AND SAFETY EQUIPMENT, a Kansas corporation,
HAL G. RICHARDSON d/b/a BUENO FOOD BRAND,
TOPEKA VINYL TOP, and MINUTEMAN SOLAR FILM,
*Appellants/Cross-appellees*,

v.

CITY OF TOPEKA, KANSAS,
*Appellee/Cross-appellant.*

SYLLABUS BY THE COURT

1.

K.S.A. 2020 Supp. 26-518 is part of the Eminent Domain Procedure Act (EDPA). The EDPA does not provide third-party displaced persons a private right of action for relocation benefits under K.S.A. 2020 Supp. 26-518. Third-party displaced persons can pursue relocation benefits under the Kansas Relocation Act, K.S.A. 58-3501 et seq., or through another cause of action outside the EDPA.

2.

The Eminent Domain Procedure Act, K.S.A. 26-501 et seq., limits judicial review to the amount of compensation owed under K.S.A. 26-513. It provides no mechanism for judicial review of a denial of relocation benefits under K.S.A. 2020 Supp. 26-518.

Appeal from Shawnee District Court; RICHARD D. ANDERSON, judge. Opinion filed June 24, 2022. Reversed and remanded with directions.

*John R. Hamilton*, of Hamilton, Laughlin, Barker, Johnson & Jones, of Topeka, and *Jason B. Prier*, of The Prier Law Firm, L.L.C., of Lawrence, for appellants/cross-appellees.

*Shelly Starr*, chief of litigation, City of Topeka, for appellee/cross-appellant.

Before HILL, P.J., POWELL and CLINE, JJ.


CLINE, J.: Multiple month-to-month tenants sued the City of Topeka for relocation benefits under K.S.A. 2020 Supp. 26-518 after they were forced to move once the City of Topeka bought the property where they operated their businesses. The district court granted the City summary judgment after finding the tenants were not "displaced persons" under that statute, nor did the tenants establish the City intended to condemn the property (two prerequisites for relocation benefits under K.S.A. 2020 Supp. 26-518). Our Supreme Court reversed that decision after finding material disputed facts prevented summary judgment.


On remand, the City sought summary judgment on the grounds that the court lacked subject matter jurisdiction to consider the tenants' claims because K.S.A. 2020 Supp. 26-518 does not provide the tenants a private right of action. It also repeated its factual arguments that the tenants did not qualify for relocation benefits. The district court agreed that it lacked subject matter jurisdiction and granted summary judgment on that basis.


We find the district court properly held it lacked subject matter jurisdiction over the tenants' claims. K.S.A. 2020 Supp. 26-518 is part of the Eminent Domain Procedure Act (EDPA), K.S.A. 26-501 et seq. Even if tenants are "displaced persons" under the Act, nothing in the EDPA permits a displaced person to file an independent action in the district court seeking relocation benefits under K.S.A. 2020 Supp. 26-518. However, we find a dismissal for lack of jurisdiction should be without prejudice, so we reverse and remand with instructions for the district court to vacate the order granting summary judgment for the City and instead enter an order of dismissal without prejudice for lack of jurisdiction.

2

In 2019, the Kansas Supreme Court reversed the district court's summary judgment order and remanded this case to the district court to resolve disputed facts. *Nauheim v. City of Topeka*, 309 Kan. 145, 154, 432 P.3d 647 (2019). Our Supreme Court summarized the factual and procedural background, including the arguments and outcome at this court:

"In 2011, the City authorized by ordinance a public works project to replace a structurally deficient drainage system on a tributary to Butcher Creek to alleviate potential flooding within the city limits. The authorizing language did not mention condemnation. After exchanging terms with the owner during 2013, the City bought real property where commercial tenants operated their businesses. During the negotiation, the City made clear it wanted the property vacant before obtaining title. The owner complied, and the transaction concluded without the City exercising its eminent domain power.

"Charles Nauheim and Hal G. Richardson, the former tenants, relocated their respective businesses to other property. They sued the City for relocation costs under K.S.A. 2017 Supp. 26-518, which states:

'Whenever federal funding is not involved, and real property is acquired by any condemning authority through negotiation *in advance of a condemnation action* or through a condemnation action, and which acquisition will result in the displacement of any person, the condemning authority shall:

'(a) Provide the *displaced person*, as defined in the federal uniform relocation assistance and real property acquisition policies act of 1970, fair and reasonable relocation payments and assistance to or for displaced persons.' (Emphases added.)

"The City argued the statute did not apply because it never intended to condemn the property had the negotiation failed. It also contended neither tenant was a 'displaced person' as statutorily defined. The City claimed the tenants relocated because of agreements with the property owner—also their landlord. All parties moved for summary judgment.

3

"The district court granted the City's motion. It held the tenants were not displaced persons as defined by law. It also found the uncontroverted facts proved the property acquisition was not made 'in advance of a condemnation action,' but occurred instead by the City exercising its corporate power. The tenants appealed." 309 Kan. at 147.

On appeal to this court, the panel ultimately reversed and remanded for the district court to resolve disputed material facts. *Nauheim v. City of Topeka*, 52 Kan. App. 2d 969, 970, 381 P.3d 508 (2016), *rev. granted* 306 Kan. 1319 (2017). The tenants petitioned our Supreme Court for review of the panel's finding that a displaced person must prove a condemning authority threatened condemnation or took affirmative action to condemn the property before acquisition. *Nauheim*, 309 Kan. at 149.

Employing canons of statutory interpretation, our Supreme Court disagreed with the panel's interpretation of K.S.A. 2017 Supp. 26-518. Our Supreme Court concluded the panel's interpretation "too narrowly construes what evidence might show entitlement to benefits" and held "[w]hether a negotiation is in advance of a condemnation action is a question of fact a claimant needs to prove by a preponderance of the evidence." 309 Kan. at 152.

Our Supreme Court reviewed the evidence and found that "despite incorrectly imposing a higher evidentiary burden than the tenants needed to prevail," the panel correctly remanded for the district court to resolve disputed facts under the summary judgment standard. 309 Kan. at 154. Our Supreme Court determined: "Further proceedings are necessary to explore whether the City's negotiations were in advance of a condemnation action under K.S.A. 2017 Supp. 26-518." 309 Kan. at 154.

On remand, the City again moved for summary judgment on factual grounds, claiming K.S.A. 2020 Supp. 26-518 was inapplicable because the City had not intended to condemn the property. The City also argued the district court lacked jurisdiction to

4

consider the claims because K.S.A. 2020 Supp. 26-518 provides no private right of action.

In response, the tenants argued that the same genuine issues of material fact which our Supreme Court had found prohibited summary judgment still existed. They also argued that this court, and our Supreme Court, implicitly found subject matter jurisdiction since neither dismissed the case for lack of jurisdiction in the first appeal.

Upon detailing the uncontroverted facts and procedural history, the district court granted summary judgment for the City, finding it lacked subject matter jurisdiction to consider the tenants' claims under K.S.A. 2020 Supp. 26-518. The district court reasoned that K.S.A. 2020 Supp. 26-518 does not create a private cause of action for relocation benefits because it is contained within the EDPA, which only provides "an appeal process from an unsatisfactory condemnation compensation appraisers' award." Instead, it acknowledged the City's argument that the procedure for tenants to pursue relocation benefits is found in the Kansas Relocation Act, K.S.A. 58-3501 et seq., or through another cause of action outside the EDPA.

The district court recognized the appellate courts unfortunately did not consider subject matter jurisdiction previously because the courts focused on the "narrow determination of whether [the tenants] qualified as 'displaced persons' under the law." The district court noted that despite the independent duty of the courts to determine whether subject matter jurisdiction exists, "[t]here is a chance, as with all human endeavors that the issue was overlooked initially by the parties, then the District Court, and was later not squarely considered as the respective appellate courts narrowly received an issue of first impression in Kansas."

5

On appeal, the tenants claim the district court erred because they contend K.S.A. 2020 Supp. 26-518 creates either an outright or implied private right of action under which they can dispute the City's refusal to pay relocation benefits. They also claim the district court should have allowed them leave to amend their petition to assert a claim under K.S.A. 58-3509 or dismissed their case without prejudice rather than grant the City summary judgment. The City cross-appeals, claiming the district court incorrectly found factual issues prevented summary judgment. Since we affirm the court's summary judgment decision, we need not address the City's cross-appeal.

Since resolution of the tenants' first issue on appeal involves interpreting the EDPA to determine whether it provides subject matter jurisdiction over the tenants' claims, we review the district court's decision to dismiss those claims de novo. *Nauheim*, 309 Kan. at 149.

We review the tenants' claim that the district court should have allowed them leave to amend their petition or dismissed their case without prejudice under an abuse of discretion standard. *Luckett v. Kansas Employment Security Bd. of Review*, 56 Kan. App. 2d 1211, 1221, 445 P.3d 753 (2019).

We find the district court correctly interpreted K.S.A. 2020 Supp. 26-518 and appropriately granted the City summary judgment. We also find that even if the tenants had properly sought to amend their petition to add claims under K.S.A. 58-3509, such an amendment would have been futile since the deadline to pursue these claims had passed.

*The district court correctly found it lacked subject matter jurisdiction.*

Subject matter jurisdiction is the court's power to hear and decide a particular type of action. *In re Care & Treatment of Easterberg*, 309 Kan. 490, 492, 437 P.3d 964 (2019). "Jurisdiction over subject matter is the power to decide the general question involved, and not the exercise of that power." *Miller v. Glacier Development Co*., 293 Kan. 665, 669, 270 P.3d 1065 (2011). And subject matter jurisdiction is vested by statute; the parties cannot confer such jurisdiction upon a court by consent, waiver, or estoppel. *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, Syl. ¶ 1, 204 P.3d 562 (2009).

Subject matter jurisdiction may be raised at any time, whether for the first time on appeal or even on the appellate court's own motion. *In re Care & Treatment of Emerson*, 306 Kan. 30, 33, 392 P.3d 82 (2017). And an appellate court has a duty to question jurisdiction on its own initiative. *Wiechman v. Huddleston*, 304 Kan. 80, 84, 370 P.3d 1194 (2016).

*The EDPA provides tenants no private right of action for relocation benefits.*

The EDPA, K.S.A. 26-501 et seq., "codifies" the Fifth Amendment to the United States Constitution's protection against taking private property without just compensation. *Miller v. Bartle*, 283 Kan. 108, 117, 150 P.3d 1282 (2007). An eminent domain proceeding instituted under the EDPA is an administrative proceeding for determining the fair market value of private property taken for public use. 283 Kan. at 113-14.

Under the EDPA, the condemning authority files a petition in district court for the appointment of three appraisers to view and value the property at issue. K.S.A. 2020 Supp. 26-504. If any of the property owners or the condemning authority disagree with the valuation of the property by the appraisers, they can appeal the appraisers' award to

7

the district court for a trial de novo on the issue of compensation owed for the taking of the property. K.S.A. 2020 Supp. 26-508. The only issue the district court has jurisdiction to consider in such an appeal is the amount of compensation owed under K.S.A. 26-513. K.S.A. 2020 Supp. 26-508(a); *Bartle*, 283 Kan. at 114-15. Our Supreme Court has repeatedly held the EDPA does not provide "'a forum for litigation over the right to exercise eminent domain or to determine the extent of said right.'" 283 Kan. at 114. Such issues "'can only be litigated in an individual civil action, usually by suit for injunction.'" 283 Kan. at 114.

While the EDPA does provide that displaced persons—such as the tenants—are entitled to "[f]air and reasonable relocation payments and assistance," when "real property is acquired by any condemning authority through negotiation in advance of a condemnation action or through a condemnation action" and federal funding is not involved, the EDPA provides no mechanism for independent judicial review of a denial of such payments. K.S.A. 2020 Supp. 26-518. It also provides no standing to third parties—only parties to the condemnation action who are dissatisfied with an appraiser award may appeal the award to the district court. K.S.A. 2020 Supp. 26-508. And, again, the statute limits the appealable issue to the "compensation required by K.S.A. 26-513, and amendments thereto." K.S.A. 2020 Supp. 26-508(a); see *Bartle*, 283 Kan. at 115. Relocation benefits are not mentioned in K.S.A. 26-513.

The tenants attempt to distinguish *Bartle* by claiming, "[a]ll the cases that hold that outside issues may not be litigated in a condemnation proceeding or an appeal therefrom involved condemnation actions of appeals therefrom. Here, there was no condemnation action, and thus no appeal." Put another way, the tenants argue their relocation claims "were not made within a pending condemnation action or an appeal— they were filed as an original action." But the tenants miss *Bartle*'s point: the scope of judicial review under the EDPA is limited regardless of whether the claim is brought as part of an eminent domain proceeding or as an original action. The EDPA grants the

8

tenants no independent right to bring a claim for relocation benefits; it only allows appeal of an appraisers' award within a condemnation proceeding.

Our Supreme Court acknowledged the limited scope of judicial review allowed by the EDPA in *Miller v. Glacier Development Co.*, 293 Kan. 665, 270 P.3d 1065 (2011). The court held "the issue of whether the plaintiff can pierce the corporate veil of an LLC to hold a member/manager personally liable for an excess payment to the LLC is one of those 'other issues' that exceeds the jurisdictional scope of an eminent domain appeal." 293 Kan. at 672. The court reiterated that "'[t]he procedure for exercising eminent domain as set forth in K.S.A. 26-501 to 26-518 and K.S.A. 2008 Supp. . . . [26]-501b . . . shall be followed in all eminent domain proceedings.'" 293 Kan. at 670. Having found the district court lacked jurisdiction to adjudge a party personally liable under the EDPA, the *Glacier Development Co.* court found the district court entered the judgment without subject matter jurisdiction and therefore the judgment was "simply void." 293 Kan. at 672.

While the tenants contend the district court's interpretation of the EDPA "would render the provisions of K.S.A. 26-518 meaningless," we disagree. Under the EDPA, if "real property is acquired by any condemning authority through negotiation in advance of a condemnation action or through a condemnation action, and which acquisition will result in the displacement of any person" then the displaced person is entitled to relocation benefits. K.S.A. 2020 Supp. 26-518. Thus, if condemnation proceedings were initiated for the property, then the tenants could have claimed relocation benefits under K.S.A. 2020 Supp. 26-518, either as parties to the proceeding or through their landlord property owner. See *City of Wichita v. Denton*, 296 Kan. 244, 253, 294 P.3d 207 (2013) (a tenant "is entitled to compensation if his leasehold estate is damaged by the exercise of eminent domain" unless their lease provides otherwise); see also K.S.A. 2020 Supp. 26-504 (the appointed appraisers are "to determine the damages and compensation to the interested parties resulting from the taking"). Indeed, the City admitted as much in its correspondence. In an e-mail submitted as evidence, a City employee stated: "Fyi. If we

9

don't close on the . . . property because the tenants refuse to leave and we have to condemn, we'll have to pay relocation benefits to the tenants regardless of whether federal funding is involved. Keep this in mind as you go forward." A couple of hours later, the same employee responded to the e-mail thread, again stating: "[T]he tenants may never leave—knowing that they'll get relocation benefits if the City is forced to condemn."

And if the property is acquired "through negotiation in advance of a condemnation," and no condemnation proceeding is initiated, then the tenants could still request relocation benefits from the City. K.S.A. 2020 Supp. 26-518. The tenants' problem is that the EDPA does not permit judicial review of the condemning authority's decision on such requests; K.S.A. 2020 Supp. 26-518 is advisory only since the right to judicial review in K.S.A. 2020 Supp. 26-508(a) is limited to "the compensation required by K.S.A. 26-513, and amendments thereto." The Legislature could have included relocation benefits under K.S.A. 2020 Supp. 26-518 within that appeal right, but it did not. We have no authority to substitute our judgment for the Legislature's.

*The Legislature did not create an implied private right of action for judicial review of claims under K.S.A. 2020 Supp. 26-518.*

The tenants alternatively argue that, by requiring payment of relocation benefits, the Legislature created an implied right of action to recover such benefits. But there is no implied right of judicial review of administrative actions in Kansas. As our Supreme Court explained in *Barnes v. Board of Cowley County Comm'rs*, 293 Kan. 11, 17, 259 P.3d 725 (2011):

> "Courts have no inherent appellate jurisdiction over official acts of administrative officials or boards, unless there is a statute providing for judicial review. Absent such a statutory provision, appellate review of administrative decisions is limited to claims of relief from illegal, fraudulent, or oppressive official conduct through the equitable

10

remedies of quo warranto, mandamus, or injunction. The right to appeal an administrative decision is not vested or constitutional; it is statutory and may be limited or completely abolished by the legislature. [Citation omitted]."

Here, the Legislature limited the right to appeal administrative decisions under the EDPA. K.S.A. 2020 Supp. 26-508(a); *Bartle*, 283 Kan. at 115. And the tenants' claims for relocation benefits do not fall within those limitations.

"'Generally, the test of whether one injured by the violation of a statute may recover damages from the wrongdoer is whether the legislature intended to give such a right.'" *Pullen v. West*, 278 Kan. 183, 194, 92 P.3d 584 (2004). Although some statutes expressly impose personal liability on persons or entities, "'[m]ost statutes do not, however, explicitly confer on potential plaintiffs a civil remedy.'" *Jahnke v. Blue Cross & Blue Shield of Kansas*, 51 Kan. App. 2d 678, 688, 353 P.3d 455 (2015) (quoting *Shirley v. Glass*, 297 Kan. 888, 894, 308 P.3d 1 [2013]). This court has held that it "primarily look[s] to the form or language of the statute" to determine whether the Legislature intended to grant a private cause of action for a violation of a statute. *Jahnke*, 51 Kan. App. at 689.

The tenants' argument that, by requiring payment of relocation benefits, K.S.A. 2020 Supp. 26-518 creates an implied right of action to recover such benefits ignores the rest of the EDPA. But we must construe the various provisions of the EDPA in pari materia with the view of reconciling and bringing the provisions of that Act into workable harmony if possible. *Miller v. Board of Wabaunsee County Comm'rs*, 305 Kan. 1056, 1066, 390 P.3d 504 (2017). And when viewed as a whole, the EDPA allows for judicial review of very limited claims—excluding claims for relocation benefits under K.S.A. 2020 Supp. 26-518.

11

This is not to say the tenants were left without a remedy when the City denied their claims for relocation benefits. As noted in *Barnes*, the tenants could have pursued the equitable remedies of quo warranto, mandamus, or injunction. Or they could have pursued a statutory remedy under the Kansas Relocation Act (KRA), K.S.A. 58-3501 et seq. The KRA is the state counterpart of the federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970. It addresses the payment of relocation benefits when a state or municipal government program or project "will result in the displacement of any person by acquisition of real property, or by the direct result of building code enforcement activities, rehabilitation or demolition programs." K.S.A. 58-3502. It separately addresses situations when federal financial assistance will be available to pay all or part of the project or program and when it will not. See K.S.A. 58-3502; K.S.A. 58-3508. In fact, as the tenants note, K.S.A. 58-3508 contains the same language as the EDPA permitting relocation assistance by condemning authorities. See K.S.A. 2020 Supp. 26-518. But the difference between the KRA and the EDPA is the KRA contains a statutory provision permitting appeals of the determination of relocation payments, while the EDPA does not. See K.S.A. 58-3509.

Under K.S.A. 58-3509(a), "[a]ny displaced person entitled to benefits under this article may appeal by written notice to the state, agency or political subdivision a determination of relocation payments." If such appeal is made, an independent hearing examiner is appointed who decides the claim. From there, "[a]ny party wishing to appeal the ruling of the hearing examiner may do so by filing a written notice of appeal with the clerk of the district court within 30 days of the hearing examiner's decision." K.S.A. 58-3509(a). As the City pointed out below, the KRA provides the avenue through which the tenants could have pursued relocation benefits.

The existence of the KRA is another reason why we find the Legislature did not create an implied right of action within K.S.A. 2020 Supp. 26-518. No implied right of action is necessary when a specific statutory one is already provided.

12

Because the tenants' claims under K.S.A. 2020 Supp. 26-518 are outside the scope of judicial review under the EDPA, the district court correctly found it lacked subject matter jurisdiction to consider the claims. Although the district court found it lacked subject matter jurisdiction upon remand by our Supreme Court, subject matter jurisdiction may be raised at any time, including the first time on appeal or even on the appellate court's own motion. *In re Emerson*, 306 Kan. at 33. And an appellate court has a duty to question jurisdiction on its own initiative. *Wiechman*, 304 Kan. at 84. Under these standards, the district court properly granted summary judgment to the City. See 304 Kan. at 84.

*The district court did not err in denying the tenants' oral motion to amend.*

After the mandate from our Supreme Court, the tenants moved to amend their petition to add parties on May 24, 2019 (substituting Kansas Fire and Safety Equipment for Charles Nauheim). The deadline for any motions to amend pleadings or add parties in the action was June 15, 2019. The tenants attached a copy of their proposed amended petition to their motion. In the amended petition, the tenants included three claims, one for each of the three tenants who relocated their business. Two of the tenants sought payments of $40,000 and the third sought a payment of $20,364.

The tenants were allowed to file their amended petition, which the district court later noted also expanded their theory and amount of recovery sought. The tenants now sought "'in lieu of' payments under 49 CFR Part 24.305, which include consideration of earnings of a business over a two year period prior to being displaced, rather than the actual moving and relocation expenses sought in the original petition."

While the tenants claim on appeal that they should have been allowed to amend their petition again to assert a claim under the KRA instead of the EDPA, they never actually sought to amend their petition to make this change. Instead, the only time they

13

mentioned the issue was during oral argument on the City's summary judgment motion, when they said that if the court found the claims should have been brought under K.S.A. 58-3508, "the only reasonable option for the Court would be to allow an amendment for it to be brought under Chapter 58 if the City believes that there's a private right of action under Chapter 58."

The oral argument occurred on March 31, 2020, and the district court issued its summary judgment order on June 26, 2020. If the tenants wished to amend their petition again to assert new claims, they could have moved to amend and attached their proposed amended petition, as they had done before. By failing to file such a motion, the tenants gave the district court no opportunity to rule on their request. We have no decision to review.

Even if we construe the district court's summary judgment order as implicitly denying the tenants' oral request to amend their petition to add a claim under the KRA, we find no error in that denial. Adding a claim under the KRA at that point would be futile since the deadline to bring such a claim had long passed.

The tenants' counsel contacted the City on October 18, 2013, requesting relocation benefits under K.S.A. 2013 Supp. 26-518. A few weeks later, the City responded by letter and denied the request, reasoning that the property would not be purchased through a condemnation action. The City attached an e-mail to that letter, in which it stated it did not believe K.S.A. 2013 Supp. 26-518 applied to the tenants' claim, and said the City "has been very reluctant to use condemnation." Under K.S.A. 58-3509, the tenants had 60 days after they received notice of the City's denial in which to pursue their claim for relocation benefits by serving the City with a written notice of appeal of the denial. They did not avail themselves of this remedy, and the deadline has now passed to do so.

Although tenants claim the defect in their pleading was "easily curable," they fail to explain how they could cure a stale claim. Our Kansas Supreme Court has recognized futility of a proposed amendment as a valid reason to deny a motion to amend a pleading. *Smith v. Philip Morris Companies*, 50 Kan. App. 2d 535, 587, 335 P.3d 644 (2014) (citing *Johnson v. Board of Pratt County Comm'rs*, 259 Kan. 305, 327, 913 P.2d 119 [1996]). Even if we find the district court implicitly denied the tenants' request to amend, we find no error in that denial.

*Disposition of the case*

The tenants argue that rather than grant summary judgment based on a lack of subject matter jurisdiction, the district court should have dismissed their claims without prejudice. They point to K.S.A. 2020 Supp. 60-241(b)(1), which provides that a dismissal for lack of jurisdiction does not operate as an adjudication on the merits. The City does not directly respond to this argument, although it argues the court properly dismissed the matter.

While the district court properly found the tenants have no private right of action under the EDPA, we agree its dismissal of the claim for lack of jurisdiction should be without prejudice under K.S.A. 2020 Supp. 60-241. Thus, we remand and instruct the district court to vacate the order granting summary judgment for the City and dismissing the action with prejudice. The district court should instead enter an order of dismissal without prejudice for lack of jurisdiction.

As mentioned above, since we agree the district court properly granted summary judgment, the City's cross-appeal is moot.

Reversed and remanded with directions.

15